UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS   EFRAIN   AGUSTIN
MENDOZA,

            Petitioner,

v.                                    Case No:  2:26-cv-00527-JES-NPM

ASSOCIATE  DIRECTOR  MARCOS
CHARLES;  INTERIM  DIRECTOR
JUAN   AGUDELO;   ATTORNEY
GENERAL   PAMELA   BONDI;
SECRETARY   KRISTI   NOEM;
ACTING  DIRECTOR  TODD  M.
LYONS; DAVID HARDIN; CHIEF
JOHN DOE; and CHARLES WALL,

            Respondents.

_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's Motion for Attorneys' Fees and Expenses Under the Equal Access to Justice Act (Doc. #12) filed on May 18, 2026.  No response has been filed and the time to respond has expired.[1]  The timeliness of petitioner's motion is undisputed.

On February 25, 2026, petitioner filed a Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 (Doc. #1).  Respondents were directed to show cause why the petition should not be granted, and

_____

[1] The Court notes that plaintiff did not comply with M.D. Fla. R. 3.01(g) by certifying that counsel conferred with the government before filing the motion.

on March 9, 2026, the federal government respondents filed a Response to Petition.  (Docs. ## 3, 4.)  On March 17, 2026, the Court issued an Opinion and Order (Doc. #5) finding that petitioner was entitled to statutory process under 8 U.S.C. § 1226(a). Judgment (Doc. #7) was issued on March 19, 2026, in favor of petitioner.

"In 1980, Congress passed the [Equal Access to Justice Act] in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'"  Sullivan v. Hudson, 490 U.S. 877, 883 (1989) (citing Equal Access to Justice Act, Pub. L. No. 96-481, 94 Stat. 2325).  Under the Equal Access to Justice Act ("EAJA"), "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses… incurred by that party in any civil action… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

"In EAJA cases, the court first must determine if the applicant is a 'prevailing party' by evaluating the degree of success obtained. If the Government then asserts an exception for substantial justification or for circumstances that render an

- 2 -

award unjust, the court must make a second finding regarding these additional threshold conditions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 160 (1990). The term "substantially justified" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted). "Thus, the government's position must have a 'reasonable basis both in law and fact' and "the outcome of the underlying litigation is not dispositive as to whether the government's position was substantially justified." Monroe v. Comm'r of Soc. Sec. Admin., 569 F. App'x 833, 834-35 (11th Cir. 2014) (citing Pierce, 487 U.S. at 569). "Furthermore, a position can be justified even if it is not correct." Id. (citing Pierce, at 566 n.2).

"The government bears the burden of showing that its position was substantially justified." United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997) (quoting City of Brunswick, Ga. v. United States, 849 F.2d 501, 504 (11th Cir.1988)). Factors considered include: "(1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; and (3) the legal merits of the government's position." Jean v. Nelson, 863 F.2d 759, 767 (11th Cir. 1988), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). Additional factors that may be considered are: "(1) the clarity of the governing law; (2) the

foreseeable length and complexity of the litigation; and (3) the consistency of the government's position." Id. Even if the Government's position "ultimately prove[s] to be incorrect," the issue is whether "the position was reasonable" at the time. Kurapati v. U.S. Citizenship & Immigr. Servs., 700 F. App'x 974, 976 (11th Cir. 2017).

While the Eleventh Circuit has since confirmed the Government's position was incorrect, it seems apparent that the position was nonetheless substantially justified. See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026); see also Castañon-Nava v. U.S Dep't of Homeland Sec., 175 F.4th 828 (7th Cir. 2026) (reaching same conclusion as the Eleventh Circuit); Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026) (same). Before the Court's order in this case, the Fifth Circuit agreed with the Government's position in this case that most noncitizens apprehended anywhere in the United States are never eligible for release on bond since they are "seeking admission." See Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). Further, the Eighth Circuit reached a similar conclusion as the Fifth Circuit. See Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Such disagreement amongst the circuit courts confirms the issue was sufficiently unsettled at the time the Government presented its position which had been adopted by two circuits. Kurapati,

- 4 -

700 F. App'x at 976 ("The 'position can be justified even though it is not correct'; 'it can be substantially justified if a reasonable person could think it correct.'").  Therefore, although the Government's position was ultimately incorrect in this circuit, it was substantially justified.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion for Attorneys' Fees and Expenses Under the Equal Access to Justice Act (Doc. #12) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record